**STATE of Maine**

v.

**Myron L. SANBORN.**

Supreme Judicial Court of Maine.

Argued Sept. 23, 1981.

Decided Feb. 9, 1982.

Janet T. Mills, Dist. Atty., Kevin J. Regan, Asst. Dist. Atty. (orally) Auburn, for plaintiff.

Samp & Stone, Alan G. Stone (orally), Auburn, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

ROBERTS, Justice.

Myron L. Sanborn appeals his conviction of forcible rape, 17–A M.R.S.A. § 252(1)(B)(1) (Supp.1980), following a jury-waived trial in Superior Court, Androscoggin County.[1] On appeal, Sanborn argues that there was insufficient evidence of force presented at trial to support his conviction. We affirm the judgment.

Sanborn and the victim met at a Lewiston nightclub on the evening of May 16, 1980. Sanborn either offered to drive the victim or the victim asked Sanborn to drive her to another nightclub in Lewiston. Instead, Sanborn drove the victim to a nearby sand pit. The victim testified that Sanborn parked his truck in the sand pit, started talking to her and then pulled her over and

---

1. 17–A M.R.S.A. § 252(1)(B)(1) (Supp.1980) provided that "[a] person is guilty of rape if he engages in sexual intercourse ... [w]ith any person, not his spouse, and he compels such person to submit ... by force and against the person's will ...." Section 252 was amended by P.L.1981, ch. 252, § 2 (effective September 18, 1981).

"started kissing me ... and started grabbing me all over my breasts and all." When she pushed Sanborn away he told her "I'm going to make love to you whether you want me to or not." The victim then got out of the truck and started to walk away, however, she tripped and fell down. Sanborn then approached her, pulled her by the hair, turned her around and hit her face a number of times. The next thing the victim could remember was being back in the truck with nothing on below the waist. She was bleeding. Sanborn was on top of her trying to place his penis inside her. Sanborn could not achieve an erection, grabbed the victim by the hair, told her if she didn't do what he wanted he would use a knife. He forced her head to his lap where her mouth came into contact with his penis. Sanborn then achieved an erection and placed his penis inside the victim. Sanborn then ejaculated into the victim and "passed out." The victim went across the street and asked someone to call the police who arrived shortly thereafter.

Sanborn testified at trial that the victim made sexual advances to him. He testified that the victim consented to one or two acts of intercourse, after which he drove her to her residence where she gave him her phone number and told him to call her anytime.

The sole issue Sanborn raises on appeal is whether there was sufficient evidence at trial to support his conviction of rape by force. The defendant argues that there was no evidence to support a finding that he used force against the victim at the instant penetration occurred.

In addition to the testimony of the victim and Sanborn the court heard testimony of Officer William Welch of the Lewiston Police Department. Welch testified that he found the victim shaking, upset and bloody. A physician who examined the victim in the early morning of May 17th also testified as to the presence of dried blood covering the entire left side of the victim's face, a fresh cut over her left eye one centimeter in length, a black left eye, redness around the right eye, a bruise over both cheek bones, dried blood in the left ear, dried blood on the neck, skin and bra of the victim, a fresh bruise above the left elbow, a bruise above the left knee, tenderness of the ribs, abdomen and lower back, and seminal fluid in the vagina. The doctor testified that the injuries were "several hours" old. The court also had before it photographs of the victim taken by the Lewiston police at approximately three or four o'clock on the morning of May 17.

"When a conviction is challenged on the ground of insufficiency of the evidence, the Law Court will set the conviction aside only if no trier of fact could rationally find proof of guilt beyond a reasonable doubt, any doubts about the correctness of the [fact finder's] determination of factual questions being resolved in favor of the verdict." *State v. Theriault,* Me., 425 A.2d 986, 988 (1981), *quoted in, State v. True,* 438 A.2d 460, 471, (1981). *See State v. Doody,* Me., 434 A.2d 523, 527 (1981); *State v. Lagasse,* Me., 410 A.2d 537, 542 (1980).

Reviewing the testimony of the victim, the police, and the physician in a light most favorable to the state, *Doody,* 434 A.2d at 527, we conclude that there was ample evidence to support the conclusion of the trial justice below that Sanborn used actual physical force to overcome the will of the victim and caused her to submit to intercourse, notwithstanding the fact that the use of the force may not have occurred at the exact instant of penetration. Accordingly, we find no error in the conclusion of the trial justice that the defendant used force against the victim and that the use of such force compelled the victim to submit to intercourse against her will within the meaning of 17–A M.R.S.A. § 252(1)(B)(1) (Supp.1980). *See State v. Colson,* Me., 405 A.2d 717 (1979).

The entry is:

Judgment affirmed.

All concurring.